918 F.2d 854
 32 ERC 1225, 21 Envtl. L. Rep. 20,349
 STATE OF NEVADA, Plaintiff-Appellant,
v.
Robert F. BURFORD, Director of Bureau of Land Management,
Department of Interior; Edward F. Spang, Nevada
State Director, Bureau of Land
Management, Department of
Interior,
Defendants-
Appellees.
 No. 89-15272.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 16, 1990.
Decided Nov. 14, 1990.
 
 Harry W. Swainston, Deputy Atty. Gen., Carson City, Nev., for plaintiff-appellant.
 George W. Vancleve, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before WALLACE, ALARCON and WIGGINS, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Nevada appeals from the dismissal of its complaint against the Bureau of Land Management (Bureau), in which Nevada alleges that the Bureau improperly granted a right-of-way to the Department of Energy (Department) to conduct site characterization studies at Yucca Mountain, Nevada. The district court concluded that Nevada lacked standing to pursue this action, and dismissed the complaint. The district court exercised jurisdiction pursuant to 28 U.S.C. Sec. 1331. Our court has no jurisdiction to review a dismissed complaint; a judgment is not final until the underlying action is dismissed. Where the district court has inadvertently neglected to dismiss the action but it is clear it intended its order to terminate the action, we treat the action as dismissed. Kilkenny v. Arco Marine Inc., 800 F.2d 853, 855-56 (9th Cir.1986), cert. denied, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987). Here it is clear that the ruling by the district court was meant to be dispositive of the action. Therefore, we have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 * In February of 1983, Nevada was notified that certain public lands near Yucca Mountain were under consideration as a national repository for the disposal of nuclear waste. Four years later, Congress decided to concentrate waste repository development efforts on the Yucca Mountain site. Accordingly, Congress amended the Nuclear Waste Policy Act (Waste Act), 42 U.S.C. Secs. 10101-10270, to require that site characterization activities proceed solely at Yucca Mountain. Id. Sec. 10133(a). Site characterization consists of extensive testing conducted by the Department in order to evaluate the suitability of a site for the location of a repository. Id. Sec. 10101(21).
 
 
 3
 In order to aid the Department in its site characterization activities, the Waste Act provides,
 
 
 4
 [t]o the extent that the taking of any action related to the site characterization of a site ... requires a certificate, right-of-way, permit, lease, or other authorization from a Federal agency or officer, such agency or officer shall issue or grant any such authorization at the earliest practicable date, to the extent permitted by the applicable provisions of law administered by such agency or officer.
 
 
 5
 42 U.S.C. Sec. 10140(1) (emphasis added). Pursuant to this section, the Department applied to the Bureau in November 1987 for a right-of-way over public land near Yucca Mountain. This land is administered by the Bureau under the Federal Land Policy and Management Act of 1976 (Land Act), 43 U.S.C. Secs. 1701-1784, which directs the Bureau to manage the land in a way "that will best meet the present and future needs of the American people." Id. Sec. 1702(c). On January 6, 1988, the Bureau granted to the Department a 13 year right-of-way over 51,632 public acres near Yucca Mountain, and authorized the Department to undertake necessary site characterization activities on that land in accordance with the Department's Plan of Development.
 
 
 6
 Under this plan, the Department intends to excavate several exploratory shafts and conduct a variety of scientific tests. The Department has stated that site characterization activities should not interfere with any current or planned activities on the lands within the right-of-way. It promises "to return lands disturbed by site characterization to a stable ecological state with a form and productivity similar to the predisturbance state." Moreover, the right-of-way granted by the Bureau prohibits the disposal of any hazardous materials on the land, and states that it "does not convey any rights for the construction or initial operation of a nuclear waste repository."
 
 
 7
 Nevada filed an action in the district court challenging the grant of this right-of-way. Nevada alleged that the grant violated requirements in both the Land Act and the National Environmental Policy Act (Environmental Act). In addition, it claimed that the Bureau's actions violated Nevada's constitutional rights, including that the right-of-way rendered meaningless Nevada's political right to object to its selection as a waste repository site. The district court determined that Nevada lacked standing to pursue the action, and concluded that the constitutional claims were without merit.
 
 II
 
 8
 We review de novo the district court's legal conclusion that Nevada lacks standing. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985). Moreover, for purposes of this review, we must construe the complaint in favor of Nevada, and accept as true all of Nevada's material allegations. Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).
 
 
 9
 The "case or controversy" limitation in article III of the Constitution requires that federal courts visit the "threshold question" of standing in every federal case. Id. at 498, 95 S.Ct. at 2205. In order to clear this jurisdictional hurdle, a complaining party must demonstrate an injury in fact. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982) (Valley Forge ). The Supreme Court has held that this constitutional injury requirement embraces three related elements: (1) an actual or threatened injury, (2) which is fairly traceable to the defendant's allegedly unlawful conduct, and (3) which is likely to be redressed by the relief requested. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (Allen ); Valley Forge, 454 U.S. at 472, 102 S.Ct. at 758; Alaska Fish & Wildlife Federation v. Dunkle, 829 F.2d 933, 937 (9th Cir.1987), cert. denied, 485 U.S. 988, 108 S.Ct. 1290, 99 L.Ed.2d 501 (1988).
 
 
 10
 To satisfy the first of these requirements, Nevada must show that it "has been or will in fact be perceptibly harmed by" the decision of the Bureau to grant the right-of-way. United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973). Thus, Nevada must demonstrate that it has suffered or will in fact suffer "concrete and immediate" injury on account of the right-of-way grant. Rapid Transit Advocates, Inc. v. Southern California Rapid Transit District, 752 F.2d 373, 378 (9th Cir.1985). This it has failed to do.
 
 
 11
 Nevada's complaint contains allegations that the Bureau's decision to issue the right-of-way violated several constitutional and statutory provisions. For example, Nevada contends that the Bureau violated requirements of the Land Act by issuing the right-of-way because in order to permit the Department to occupy the land surrounding Yucca Mountain, the Bureau was required to use the withdrawal procedure specified in 43 U.S.C. Sec. 1714. Nevada further argues that the environmental assessment accepted by the Bureau in connection with the right-of-way grant is insufficient to satisfy the requirements imposed by the Environmental Act. In addition, Nevada contends that issuance of the right-of-way violates many constitutional provisions, including the tenth amendment.
 
 
 12
 However, the complaint is silent as to how these alleged violations have resulted in injury to Nevada. "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen, 468 U.S. at 754, 104 S.Ct. at 3326; see also Diamond v. Charles, 476 U.S. 54, 62, 106 S.Ct. 1697, 1703, 90 L.Ed.2d 48 (1986) ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements."). The federal government, not Nevada, owns the land in question. Moreover, Nevada did not allege in its complaint that it uses the land surrounding Yucca Mountain for any purpose. Even assuming that the right-of-way grant violates the Land Act, the Environmental Act, and the Constitution, Nevada fails to show how those violations result in injury to Nevada. We agree with the district court that Nevada's claims merely "constitute a generalized grievance that the [Bureau] is not acting in a way in which [Nevada] maintains is in accordance" with federal laws. Nevada v. Burford, 708 F.Supp. 289, 295 (D.Nev.1989) (Burford ). This is insufficient to demonstrate standing. See Allen, 468 U.S. at 754, 104 S.Ct. at 3326; Valley Forge, 454 U.S. at 482-83, 102 S.Ct. at 763-64; Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 223 n. 13, 94 S.Ct. 2925, 2933 n. 13, 41 L.Ed.2d 706 (1974).
 
 
 13
 In addition to contending that the right-of-way grant violated several federal statutes and the Constitution, Nevada asserts that its political right to object to its selection as the host for a nuclear waste repository has been rendered meaningless by the Bureau's action. It is clear that a state may demonstrate standing by asserting an injury to a sovereign interest. See Alfred L. Snapp & Son, Inc. v. Puerto Rico, 458 U.S. 592, 601, 102 S.Ct. 3260, 3265, 73 L.Ed.2d 995 (1982) (Snapp ). What constitutes a state's sovereign interest is not free from doubt. Id. But in this appeal, we need not analyze its nature or parameters. Nevada argues that one of its sovereign interests--the right to object in the political arena to the selection of Yucca Mountain as a waste repository--has been infringed. Assuming such an identifiable sovereign interest, Nevada's argument ignores the fact that the decision of whether to construct the repository at Yucca Mountain is many years and numerous procedural hurdles away. For example, if the Department determines that Yucca Mountain is an appropriate site after site characterization is completed, the Department must hold public hearings near the site to receive comments regarding its suitability. 42 U.S.C. Sec. 10134(a). Following this, the Department must make a recommendation to the President whether to construct the repository, who in turn must decide whether to recommend the site to Congress. Id. Within 60 days of the President's recommendation to Congress, the state in which the recommended site is located may file a notice of disapproval with Congress. Id. Sec. 10136(b)(2). If such a notice is filed, the site selection is disapproved unless Congress passes a resolution as required by the Waste Act within 90 days. Id. Sec. 10135(c). We deal here only with the decision by the Bureau to grant a right-of-way, the only "direct consequence [of which] is that the site characterization process will proceed to the next step in accordance with the [Waste Act]." Burford, 708 F.Supp. at 297. Any claim by Nevada that site characterization will inevitably lead to the designation of Yucca Mountain as a repository site is mere speculation, and "unadorned speculation will not suffice to invoke the federal judicial power." Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 44, 96 S.Ct. 1917, 1927, 48 L.Ed.2d 450 (1976). Clearly, the right-of-way decision has not stripped Nevada of its right to participate in the site characterization process or of its right to object to the selection of Yucca Mountain as a repository. Thus, because Nevada has failed to show how it has been injured in this respect, its claim of standing based on its asserted sovereign interest fails.
 
 
 14
 In its complaint, Nevada also alleges that the site characterization process will disturb the surface and subsurface of the land in the affected area, and will interfere with other possible uses of the land. A state may, of course, have standing to redress injuries to its proprietary interests, such as the interests arising from property ownership. Snapp, 458 U.S. at 602-03, 102 S.Ct. at 3266-67. As we have discussed above, however, Nevada does not own the affected property, nor has it alleged that it uses the property for any purpose. Thus, even assuming that the site characterization process will disturb the land, Nevada has failed to show that it will suffer on account of that disturbance. Proprietary standing is therefore not available to Nevada.
 
 
 15
 Finally, Nevada alleges that it has standing in its parens patriae capacity to advance the interests of its citizens. The Supreme Court has held that a state has a "quasi-sovereign interest in the health and well-being--both physical and economic--of its residents in general," and can therefore sue to protect these interests through a parens patriae action. Id. at 607, 102 S.Ct. at 3268. In this case, Nevada alleges that the selection of Yucca Mountain as the site for a national waste repository will have a devastating effect on the state's vital tourist industry. Although the Supreme Court has endorsed parens patriae suits in general, it has also stated that "[a] State does not have standing as parens patriae to bring an action against the Federal Government." Id. at 610 n. 16, 102 S.Ct. at 3270 n. 16 (stating that with respect to the citizens' rights in relation to the federal government, "it is the United States, and not the State, which represents them as parens patriae "). Our earlier case of Washington Utilities & Transportation Commission v. FCC, 513 F.2d 1142, 1153 (9th Cir.), cert. denied, 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975), must, of course, give way to the Supreme Court's clear statement in Snapp.
 
 
 16
 Because Nevada has failed to allege sufficient facts to demonstrate standing, we affirm the district court's dismissal of the action. We therefore do not reach the question of whether the district court was correct in dismissing Nevada's claims on the merits.
 
 
 17
 AFFIRMED.