967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles J. OLTARZEWSKI, Jr., Plaintiff-Appellant,
v.
Roger CRIST, et al., Defendants-Appellees.
 No. 91-15977.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles J. Oltarzewski, Jr., an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of the appellees in Oltarzewski's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm in part and vacate and remand in part.
 
 Eighth Amendment Claims
 A. Prison Cell Conditions
 
 3
 Oltarzewski contends that prison officials violated his eighth amendment rights because they placed him in an inadequately-sized and unclean prison cell. This contention lacks merit.
 
 
 4
 To constitute cruel and unusual punishment in violation of the eighth amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.
 
 
 5
 Here, Oltarzewski was placed in the Complex Detention Unit (CDU), a lockdown unit of the prison, for a disciplinary violation. Oltarzewski failed to present any affidavits or other evidence regarding the prison conditions that would constitute a violation of his eighth amendment rights. Accordingly, because the conditions of the lockdown unit did not constitute cruel and unusual punishment, prison officials did not violate Oltarzewski's eighth amendment rights. See id.
 
 B. Cold Meals
 
 6
 Oltarzewski contends that prison officials violated his eighth amendment rights because they gave him cold meals. This contention lacks merit.
 
 
 7
 To state a section 1983 claim based on a violation of his eighth amendment right to adequate food, Oltarzewski must show that the prison officials acted with deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). Prison officials are deliberately indifferent if they manifest unnecessary and wanton disregard for the allegedly unconstitutional prison conditions. Id. at 2326-27.
 
 
 8
 Here, Oltarzewski claims that prison officials served him cold food that was supposed to be hot and waited at least fifteen minutes before serving the meals. The evidence presented by Oltarzewski fails to show that prison officials exhibited unnecessary or wanton disregard for the conditions under which they served the prison meals. Accordingly, prison officials did not violate Oltarzewski's eighth amendment right to adequate food. See id.
 
 C. Library Access
 
 9
 Oltarzewski contends that prison officials violated his eighth amendment rights because they denied him regular access to the prison law library and required him to wear hand restraints while he used the library. He also contends that there was an inadequate selection of books in the library. These contentions lack merit.
 
 
 10
 Although prison officials are required to provide prisoners with an adequate law library or adequate assistance from persons trained in the law, there is no constitutional guarantee to unlimited access to a law library. Bounds v. Smith, 430 U.S. 817, 828 (1977); Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991). "Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (citing Bell v. Wolfish, 441 U.S. 520, 545-48 (1979)). A prisoner can prove that he or she was denied access to the courts by showing that (1) the omission of law books was substantial; (2) equivalent information was not available through alternative sources; or (3) the omissions in some way obstructed the prisoner's access to the courts. Johnson, 948 F.2d at 521 (footnote omitted).
 
 
 11
 Here, prison officials granted numerous requests by Oltarzewski for access to the law library. Although Oltarzewski was required to wear hand restraints in the law library because of his security status, there were law library clerks available to assist him in retrieving books. Moreover, Oltarzewski was permitted to photocopy cases and to order from the Complex Law Library any books that were not in the law library. Accordingly, because Oltarzewski had meaningful access to a law library, prison officials did not violate his eighth amendment rights. See Bounds, 430 U.S. at 828; Johnson, 948 F.2d at 521; Oltarzewski, 830 F.2d at 138.
 
 D. Medical Care
 
 12
 Oltarzewski contends that prison officials violated his eighth amendment rights because they did not provide adequate medical care while he was confined to CDU. This contention lacks merit.
 
 
 13
 To state a section 1983 claim based on a violation of his eighth amendment right to adequate medical care, Oltarzewski must show that the prison officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to serious medical needs means the "unnecessary and wanton infliction of pain." Id. at 104. Moreover, the indifference to the prisoner's medical needs must be substantial. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980).
 
 
 14
 Here, Oltarzewski's complaint failed to identify any serious medical need that was deliberately ignored by the defendants. Moreover, the record establishes that while he was in CDU, Oltarzewski had access to a unit nurse, who determined whether prisoners had medical problems that required a doctor's attention, and Oltarzewski continued to receive regular doses of medicine. Accordingly, prison officials did not violate Oltarzewski's eighth amendment right to adequate medical care. See Estelle, 429 U.S. at 104-06; Broughton, 622 F.2d at 460.[1]
 
 Access to Religious Services Claim
 
 15
 In his complaint, Oltarzewski alleged that prison officials violated his constitutional rights because they did not provide religious services in CDU. The district court did not order the government to respond to this claim. Nevertheless, because we cannot conclude that his claim is frivolous, Oltarzewski is entitled to a response from the government. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Accordingly, we remand to allow the government to respond to Oltarzewski's claim regarding access to religious services.[2]
 
 
 16
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Oltarzewski contends that prison officials denied him due process because his grievances were answered by a prison official other than the grievance coordinator. We have reviewed this claim and find it to be meritless
 
 
 [2]
 We exercise jurisdiction over this appeal because it is clear that the district court intended to dispose of the action. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990); see also Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 869-70 (9th Cir.1991) (court affirmed in part and reversed and remanded in part for the district court to consider a claim raised by the plaintiff that was not mentioned in the district court's final order)
 
 
 [3]
 The appellees' request for attorney's fees and costs is denied