967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARK LARUE, Plaintiff-Appellant,
v.
Ken JURGENSON; Philip Hobson, Defendants-Appellees.
 No. 90-35703.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Mark LaRue appeals the district court's summary dismissal prior to service of process of his in forma pauperis pro se civil rights complaint. LaRue alleges that prison authorities committed due process and equal protection violations in finding him guilty of certain infractions involving the mailing of a money order to another prison inmate.
 
 
 3
 The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, allows a district court to dismiss a case prior to service "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). A legal claim is frivolous if "it lacks an arguable basis in law." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A factual claim is frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (May 4, 1992).
 
 
 4
 The only issue on appeal is whether LaRue's complaint states a claim which is not frivolous. 28 U.S.C. § 1915(d); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We reverse the dismissal of LaRue's complaint and remand for reconsideration under the appropriate legal standard.
 
 
 5
 A district court determination that a complaint is frivolous under § 1915(d) is reviewed for an abuse of discretion. Hernandez, 60 U.S.L.W. at 4348. Whether the district court applied the correct legal standard is reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 6
 The test for whether a complaint is frivolous is less rigorous than the test for whether a complaint states a claim for which relief may be granted. Hernandez, 60 U.S.L.W. at 4348. "A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law' precluding dismissal under § 1915(d)." Id. at 4347 (quoting Nietzke, 490 U.S. at 328-329).
 
 
 7
 Dismissals of in forma pauperis complaints prior to service must be couched in terms of whether the allegations are frivolous. McKeever, 932 F.2d at 798. Where the trial court fails "to discuss the complaint's allegations in terms of frivolousness, we cannot be certain that the ... district judge applied the proper standard in dismissing before service of process." Id.
 
 
 8
 In the case at hand, plaintiff prisoner LaRue's mother mailed a money order to another prison inmate. As a result, LaRue was charged with three general infractions in violation of the following rules: (1) Washington Administrative Code (WAC) 137-28-025 (303) (unauthorized use of the mail or telephone); (2) WAC 137-28-025 (351) (giving money to another inmate, except when authorized); and (3) WAC 137-28-025 (303) (attempting to commit or aiding another inmate in committing the above offenses). LaRue was also charged with committing a serious infraction under WAC 137-28-030 (701) (commission of a general infraction "in such a manner as [is] likely to result in danger to life or limb or to create a risk to the orderly operation of the institution").
 
 
 9
 According to LaRue, prison officials found he committed two of the three general infractions as well as the serious infraction.[2] LaRue was sentenced to ten days in isolation, though the sentence was suspended for 180 days. In the wake of the infraction hearing, LaRue lost his radio and snack bar privileges.
 
 
 10
 LaRue claims several constitutional violations. First, LaRue alleges he did not receive due process because he was given no notice as to how the underlying money order posed a danger to life or the orderly operation of the penal institution for purposes of constituting a serious infraction under Rule 701. Second, LaRue alleges a due process violation because there was no evidence to convict him of the serious infraction. Third, LaRue argues that the termination of his radio and snack bar privileges deprived him of a property interest created by the Washington Administrative Codes. Fourth, LaRue alleges that the differential treatment accorded prisoners in administrative segregation and in the general population who are charged with an infraction violates the equal protection clause.
 
 
 11
 The district court considered each of these claims prior to dismissing LaRue's complaint before service of process. However, the district court did not consider whether these claims were frivolous, as required by Neitzke, Hernandez, and McKeever. Instead, the district court apparently assessed LaRue's complaint in terms of whether it stated a claim for which relief could be granted. For example, as to LaRue's lack of evidence claim, the district court found that "[p]laintiff's complaint has failed to state a claim on this issue." Order Dismissing Complaint Without Prejudice, October 15, 1990, at 7. The district court did not apply the correct legal standard in dismissing LaRue's complaint prior to service of process.
 
 
 12
 Reviewing LaRue's complaint under the legal standard mandated by Neitzke and Hernandez, we cannot conclude that LaRue's claims are based on "indusputably meritless legal theor[ies]," Neitzke, 490 U.S. at 327, or factual contentions which are "clearly baseless," "fantastic," or "delusional," Hernandez, 60 U.S.L.W. at 4348 (quoting Neitzke, 490 U.S. at 327-328).
 
 
 13
 LaRue's complaint is not clearly frivolous. We reverse the district court's sua sponte dismissal and remand to the district court to permit it to determine whether the complaint is frivolous under the applicable legal standard, and if not, to order that process issue.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed LaRue's claims without prejudice. Ordinarily, dismissal of a claim without prejudice does not constitute a final order for the purposes of appeal. See California v. Harvier, 700 F.2d 1217 (9th Cir.), cert. denied, 464 U.S. 820 (1983). However, we exercise jurisdiction because it is clear from the order that the district court intended the dismissal to dispose of LaRue's action. See Nevada v. Burford, 918 F.2d 854 (9th Cir.1990) (dismissal of complaint appealable where it is clear district court intended to terminate action)
 
 
 [2]
 LaRue does not indicate which infraction he was cleared of. The record before us does not contain any documents from the underlying prison proceedings. Defendant prison officials have filed no responsive pleadings because there was no service of process