976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
St. Michael BALZARINI, Plaintiff-Appellant,
v.
R.G. BORG, et al., Defendants-Appellees.
 No. 91-16727.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 St. Michael Balzarini, a California state prisoner, appeals pro se the district court's dismissal of his civil rights action. We review the district court's dismissal for failure to follow a court order for an abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and we affirm.[1]
 
 
 3
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to follow a court order. Fed.R.Civ.P. 41(b). Before dismissal, however, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (quotation omitted), cert. denied, 488 U.S. 819 (1988). If the district court does not explicitly consider the five dismissal factors, this court reviews the record independently to determine whether the dismissal was an abuse of discretion. Id. Although dismissal is a penalty to be used only in extreme circumstances, "we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (citation omitted).
 
 
 4
 On April 29, 1991, Balzarini submitted to the district court a document entitled "Objection to Defendants [sic] Status Report," which he failed to serve on the defendants in violation of Fed.R.Civ.P. 5. The district court, through a magistrate judge's order, disregarded the objection and advised Balzarini that "every document submitted to the court for consideration must be served on defendants" and include a certificate of service in accordance with local rules. On May 20, 1991, Balzarini filed with the district court a proposed stipulation order, which he failed to serve on the defendants. The magistrate judge disregarded that document as well, and "strongly cautioned [Balzarini] that failure to serve any documents subsequently filed in this action, and failure to include a proper certificate of service with such filing, will result in a recommendation that this action be dismissed."
 
 
 5
 On July 5, 1991, Balzarini filed a "Notice of Motion for Pretrial Conference," which he again failed to serve on the defendants. The magistrate judge, in an order filed July 16, 1991, denied Balzarini's motion as moot and gave him 20 days to show cause "why this action should not be dismissed due to plaintiff's willful disregard of orders of this court regarding service of documents." On August 15, 1991, the magistrate judge recommended that the action be dismissed under Rule 41(b) due to Balzarini's failure to show cause. The district court dismissed the action on October 22, 1991.[2]
 
 
 6
 Applying the five dismissal factors, the first two factors support the district court's decision to dismiss Balzarini's case. Balzarini's failure to serve the defendants forced the magistrate judge to repeatedly disregard the documents he filed with the district court, which further delayed a resolution of the case.
 
 
 7
 The third dismissal factor also weighs in favor of the district court's decision. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. at 131. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Id. (citation omitted). Here, Balzarini's actions interfered with a rightful decision of the case because his continual disregard for the district court's orders impaired the defendants' ability to respond to the documents he filed with the district court. Moreover, Balzarini has not offered a valid excuse for his failure to follow the district court's orders. See id.
 
 
 8
 The fourth dismissal factor favors Balzarini because the district court's decision denies him the opportunity to present the merits of his case to the court. Nevertheless, the strength of this factor is diminished by the fact that the district court dismissed the action due to Balzarini's omissions.
 
 
 9
 Finally, the fifth dismissal factor requires the district court to consider less drastic alternatives to dismissal of the case. Id. The following factors are relevant in determining whether the district court considered less drastic alternatives:
 
 
 10
 (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?
 
 
 11
 Id. at 132. The explicit discussion of alternatives to dismissal is not necessary for a dismissal to be upheld. Id. Moreover, "warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." Id. (citations omitted). Here, the magistrate judge gave Balzarini numerous warnings that his failure to serve the defendants with documents submitted to the court may result in the dismissal of his action. Moreover, the district court gave Balzarini an opportunity to show cause why the action should not be dismissed. In light of the above-mentioned factors, we conclude that the district court's dismissal of the action was not an abuse of discretion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We exercise jurisdiction over this appeal because it is clear that the district court intended to dispose of the action. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990), cert. denied, 111 S.Ct. 2052 (1991)
 
 
 [2]
 On August 23, 1991, Balzarini filed a motion to file changed pleadings. In an order filed September 4, 1991, the magistrate judge ordered that the motion be disregarded in light of his previous recommendation that the action be dismissed, and Balzarini's failure to serve the motion on the defendants