977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre SCHOKA, Plaintiff-Appellant,
v.
Peter DEMOSTHENES, et al., Defendants-Appellees.
 No. 91-15984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Schoka, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Schoka's action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.[1]
 
 Prison Transfer
 
 3
 Schoka contends that he was denied due process because state prison officials transferred him from the Northern Nevada Correctional Center to the Nevada State Prison. This contention lacks merit.
 
 
 4
 A prisoner does not have a due process right to be housed in a particular correctional institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." Id. (quotation omitted).
 
 
 5
 Here, state prison officials transferred Schoka to the Nevada State Prison after he was classified for custody purposes at the Northern Nevada Correctional Center. Such a transfer falls within the normal range of custody that Nevada prison officials are authorized to exercise. Accordingly, Schoka was not denied due process when he was transferred. See id.
 
 Parole Report
 
 6
 Schoka contends that he was denied due process because a correctional counsellor submitted to the parole board an incorrect parole report, which caused the parole board to increase his offense severity level and deny him parole. This contention lacks merit.
 
 
 7
 "State officials cannot be held liable for damages under section 1983 unless their conduct violates a clearly established constitutional right." Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir.1989) (citation omitted), cert. denied, 111 S.Ct. 341 (1990). Prisoners do not have a constitutional or inherent right to parole. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 8
 Here, Schoka makes only vague allegations that a correctional counsellor falsified his parole report. These allegations are insufficient to state a claim upon which relief could be granted. Accordingly, the district court properly determined that Schoka failed to state a valid section 1983 claim. See id.
 
 Discovery Request
 
 9
 Schoka contends that the district court abused its discretion by denying his request for discovery. This contention lacks merit.
 
 
 10
 We review the district court's rulings concerning discovery for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992). "[A] case becomes moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quotations omitted).
 
 
 11
 Here, the district court made determinations regarding both Schoka's motion to compel discovery and the defendants' motion to dismiss in the same order. The district court denied Schoka's motion to compel as moot because it already had determined that Schoka failed to state a valid claim for relief. Nevertheless, the district court gave Schoka an opportunity to resubmit a motion to compel if he presented "an amended complaint that is accepted and filed by the court." Schoka never submitted an amended complaint. Accordingly, the district court did not abuse its discretion by denying Schoka's motion to compel discovery as moot. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We exercise jurisdiction over this appeal because it is clear that the district court intended to dispose of the action. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990), cert. denied, 111 S.Ct. 2052 (1991)