981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE OF ALASKA, Plaintiff-Appellant/Cross-Appellee,
v.
UNITED STATES OF AMERICA; NATIONAL PARK SERVICE; MANUEL R.
LUJAN, in his official capacity as Secretary of
the Interior,
Defendants-Appellees/Cross-Appellants,
v.
NATIONAL PARKS AND CONSERVATION ASSOCIATION, INC.; ALASKA
CENTER FOR THE ENVIRONMENT; SIERRA CLUB, INC.;
THE WILDERNESS SOCIETY,
Plaintiff-Intervenor-
Appellants/Cross-Appellees.
 Nos. 91-36297, 91-36299 and 91-36303.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
 Decided Dec. 7, 1992.
 
 Before HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The State of Alaska ("Alaska") appeals the district court's summary judgment order denying a challenge to a set of regulations promulgated by the National Park Service ("NPS") regarding the use and construction of "trespass cabins" on lands governed by the Alaska National Interest Lands Conservation Act ("ANILCA"). The National Parks and Conservation Association and other conservation groups (collectively "conservation groups"), which entered the litigation as plaintiff-intervenors, appeal the district court's refusal to invalidate one of the regulations. NPS, meanwhile, cross-appeals the district court's invalidation of one regulation and challenges the standing of the plaintiff and plaintiff-intervenors to maintain the action.
 
 
 3
 We conclude that neither Alaska nor the conservation groups established standing to sue NPS. We therefore do not reach the merits in any of these appeals.
 
 I.
 
 4
 Alaska relied upon the doctrine of parens patriae to establish its standing to sue NPS in the district court. This doctrine will generally grant a state standing to sue where the state has demonstrated injury to a "quasi-sovereign" interest, apart from the interests of particular private parties. See Alfred L. Snapp & Son, Inc. v. Puerto Rico, 458 U.S. 592, 607 (1982). Such an interest may be in the physical or economic well-being of its residents or the protection of its rightful status in the federal system. Id. The district court was persuaded that Alaska had demonstrated an injury to such an interest because of NPS' regulations and held that Alaska had standing to maintain the suit.
 
 
 5
 We conclude that the district court's holding was in error because it granted a state parens patriae standing to sue an agency of the federal government. In Snapp, the Supreme Court clearly stated that "[a] State does not have standing as parens patriae to bring an action against the Federal Government." Id. at 610 n. 16. Though at one time we recognized parens patriae standing under these circumstances, see Washington Utils. & Transp. Comm'n v. FCC, 513 F.2d 1142, 1153 (9th Cir), cert. denied, 423 U.S. 836 (1975), we have since acknowledged that the view expressed by the Supreme Court in Snapp is controlling. Nevada v. Burford, 918 F.2d 854, 858 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2052 (1992).
 
 
 6
 Alaska attempts to minimize the court's statement in Snapp as mere dicta and argue that its case is distinguishable from an earlier Supreme Court case upon which the Snapp court relied, Massachusetts v. Mellon, 262 U.S. 447 (1923). These arguments are of little avail. Regardless of any purported ambiguity in Supreme Court law, Burford has established as Circuit law a bar on parens patriae suits against the federal government. We are now bound by that precedent.
 
 
 7
 Alaska also argues, for the first time on appeal, that it has standing to sue based upon 5 U.S.C. § 702 (1988) ("Administrative Procedure Act") and an implicit grant of standing in ANILCA itself. These arguments also must fail. "Neither the Administrative Procedure Act, nor any other congressional enactment, can lower the threshold requirements of standing under Art. III." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 487 n. 24 (1982); see also Sierra Club v. Morton, 405 U.S. 727 (1972). Thus, without satisfying the constitutional requirements for standing, an asserted right to judicial review under either of these statutes will not, in and of itself, confer standing on Alaska.
 
 II.
 
 8
 The conservation groups entered this litigation as plaintiff-intervenors against NPS. Ordinarily, intervenors need not satisfy the standing requirements of Article III in order to maintain their appeal. See Portland Audobon Soc'y v. Hodel, 866 F.2d 302, 308 n. 1 (9th Cir.), cert. denied, 492 U.S. 911 (1989). However, "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." Diamond v. Charles, 476 U.S. 54, 68 (1986); cf. Yniquez v. Arizona, 939 F.2d 727, 731 (9th Cir.1991) (intervenor's right to maintain appeal where principal party has acquiesced in judgment is contingent on showing of Art. III standing).
 
 
 9
 Because we hold that plaintiff Alaska has no standing to maintain this suit, the conservation groups must demonstrate that they have standing to maintain the underlying action and the appeal. Though the they have asserted such standing, they have directed us to no evidence which supports their assertion. The conservation groups, therefore, have not demonstrated standing to bring this action.
 
 III.
 
 10
 We conclude that neither Alaska nor the conservation groups have demonstrated standing to maintain this action. We therefore remand this case and direct the district court to dismiss it.
 
 
 11
 REMANDED FOR DISMISSAL.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3