993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ora Otis KIDD, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 93-35151.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ora Otis Kidd, a Washington State prisoner, appeals pro se the district court's order dismissing without prejudice his first amended complaint prior to service of process pursuant to Fed.R.Civ.P. 41(b) for failure to comply with a court order. Kidd also appeals the district court's denial of his motion for a temporary restraining order ("TRO"). We have jurisdiction pursuant to 28 U.S.C. § 1291 over Kidd's appeal from the dismissal of his complaint, and we vacate and remand.[1] We dismiss Kidd's appeal from the denial of his motion for a TRO for lack of jurisdiction.
 
 
 3
 * Dismissal of Complaint
 
 
 4
 In his original complaint, Kidd alleged that he had been repeatedly transferred against his will to the penitentiary's Mental Health Unit ("MHU") in violation of his due process rights. The district court, finding that Kidd's complaint failed to state a cause of action, required him to amend the complaint prior to issuing service of process on the defendants. Because, however, the district court did not order service, its dismissal of Kidd's amended complaint was proper only if the original complaint was frivolous. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (a district court may dismiss a complaint sua sponte prior to a responsive pleading only it is frivolous).
 
 
 5
 A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir.1988). If a plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989) (citing Neitzke, 490 U.S. at 329-30).
 
 
 6
 Construing Kidd's complaint liberally, we cannot say that the claim lacks an arguable basis in either law or fact. See Vitek v. Jones, 445 U.S. 480, 491-92 (1980) (civil commitment of prisoners involves a significant deprivation of liberty to which procedural due process protections apply). Accordingly, because Kidd's claim that he was being transferred to the MHU in violation of due process is not frivolous, the district court erred by requiring Kidd to amend his complaint and by dismissing Kidd's action prior to service of process. See Neitzke, 490 U.S. at 329-30; Jackson, 885 F.2d at 640.
 
 II
 Denial of TRO
 
 7
 Kidd sought a TRO to prevent the defendants from transferring him to the MHU pending the outcome of his state court proceedings. Ordinarily, an appeal does not lie from the denial of an application for a TRO; such appeals are considered premature and are disallowed "[i]n the interest of avoiding uneconomical piecemeal appellate review." Religious Tech. Ctr., Church of Scientology Int'l Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989) (quotations omitted). In addition, the denial of a TRO is not generally appealable unless it effectively decides the merits of the case. Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir.1986), cert. denied, 484 U.S. 815 (1987).
 
 
 8
 We have recognized, however, that a denial of a TRO may be appealed if the circumstances render the denial "tantamount to the denial of a preliminary injunction." Religious Tech. Ctr., 869 F.2d at 1308 (quoting Environmental Defense Fund, Inc. v. Andrus, 625 F.2d at 861, 862 (9th Cir.1980)). In Andrus, we held that the denial of a TRO was tantamount to the denial of a preliminary injunction where the denial of the TRO followed a "full adversary hearing" and, "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief." 625 F.2d at 862.
 
 
 9
 Here, the denial of Kidd's motion for a TRO did not follow a full adversary hearing. Moreover, the district court's order does not indicate that Kidd would be foreclosed from pursuing further interlocutory relief at a later time. Accordingly, because the denial of Kidd's motion for a TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction to consider the appeal. See Religious Tech. Ctr., 869 F.2d at 1308.
 
 
 10
 VACATED and REMANDED in part, DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Kidd's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily, a dismissal of a complaint without prejudice does not constitute a final order for the purposes of appeal. See California v. Harvier, 700 F.2d 1217, 1218 (9th Cir.), cert. denied, 464 U.S. 820 (1983). Nevertheless, we exercise jurisdiction because it is clear from its order that the district court intended the dismissal to terminate Kidd's action. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990) (dismissal of complaint appealable where it is clear district court intended to terminate action), cert. denied, 111 S.Ct. 2052 (1991)