21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. BERNARD, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 93-16978.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 31, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary W. Bernard, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. Sec. 1983 action. We review de novo. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991). We affirm in part, and vacate and remand in part.
 
 
 3
 * Bernard contends that his Eighth Amendment rights were violated because the defendants were deliberately indifferent to his chronic back pain. In particular, Bernard complains that (1) he was improperly assigned to a top bunk, and that climbing into and out of bed aggravated his back injury; and (2) the medication he received did not relieve his back pain.[1]
 
 
 4
 To support their motion for summary judgment, the defendants provided Bernard's entire medical record and affidavits from several doctors and assistants who had treated Bernard's back problems. This evidence demonstrates that prison medical personnel responded promptly and thoroughly to all of Bernard's complaints of back pain. Indeed, Bernard was examined both by prison medical personnel and by an orthopedic specialist in private practice, and different types of medication were prescribed in response to Bernard's specific complaints. Moreover, when Bernard was assigned to a top bunk in January 1991, medical personnel had determined that his back condition did not require a lower bunk.[2] Because the record establishes that the defendants were not deliberately indifferent to Bernard's serious medical needs, the district court correctly granted summary judgment in their favor. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (prison officials violate the Eighth Amendment only if they are deliberately indifferent to a prisoner's serious medical needs); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992) ("[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need for deliberate indifference to be established").
 
 
 5
 Finally, we reject Bernard's argument that summary judgment was inappropriate because his Eighth Amendment claim is "basically factual in nature." The district court properly granted the defendants' motion for summary judgment on this claim because there were no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c) (summary judgment may be granted in any civil action when "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law").[3]
 
 II
 
 6
 Bernard contends that the district court erred by granting summary judgment to the defendants on his due process claim. Bernard's amended complaint alleged that defendants Gomez, Trudeau, Gonzales, McDonald, Delaney, Lyerla, and McFadden violated his right to procedural due process during a prison disciplinary hearing stemming from Bernard's refusal to accept the top bunk assignment in January 1991. On appeal, these defendants admit that they did not address this claim in their summary judgment motion, and that the district court therefore did not consider it. Moreover, the defendants concede that Bernard's due process claim cannot be resolved on the record before us. Accordingly, we remand to allow the defendants to respond and the district court to rule on this claim.[4]
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bernard's complaint also alleged that the defendants had (1) deliberately overprescribed the pain reliever Indocin, (2) conspired to violate his constitutional rights, and (3) forced him to take a top bunk in retaliation for his prior lawsuits. Bernard has waived these claims by failing to raise them in his brief on appeal. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (this court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief"). Moreover, because it is raised for the first time on appeal and no exceptional circumstances exist, we will not consider Bernard's argument that the prison's "kite" system for medical requests is unconstitutional. See id. (absent exceptional circumstances, this court will not review an issue not raised below)
 
 
 [2]
 Bernard's disagreement with the defendants' determination that he did not require a lower bunk does not preclude summary judgment in their favor. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (difference of opinion between an inmate and prison medical personnel regarding appropriate medical care does not establish an Eighth Amendment violation)
 
 
 [3]
 We also reject Bernard's argument that the district court granted summary judgment without allowing him to conduct adequate discovery. The district court correctly denied Bernard's request to stay summary judgment and continue discovery because he failed to demonstrate "the existence of additional essential and discoverable evidence." See Terrell, 935 F.2d at 1018
 
 
 [4]
 Despite the district court's failure to rule on this claim, we have jurisdiction over this appeal because it is clear that the district court intended its order to dispose of the action. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990) (this court has jurisdiction over an appeal if "it is clear that the ruling by the district court was meant to be dispositive of the action"), cert. denied, 111 S.Ct. 2052 (1991); accord Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 869-70 (9th Cir.1991) (this court exercised jurisdiction and affirmed in part and reversed and remanded in part to allow district court to consider a claim raised by the plaintiff that was not mentioned in the district court's final order), cert. denied, 112 S.Ct. 1667 (1992)