**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FONES4ALL CORPORATION,
                    *Petitioner,*

VERIZON; AT&T,
                    *Intervenors,*

v.

FEDERAL COMMUNICATIONS
COMMISSION; UNITED STATES OF
AMERICA,

                    *Respondents.*

No. 06-75388

FCC No.
WC05-261

OPINION
DENYING
REHEARING

On Petition for Review of an Order of the
Federal Communications Commission

Argued and Submitted
September 12, 2008—Pasadena, California

Filed April 7, 2009

Before: Mary M. Schroeder and Johnnie B. Rawlinson,
Circuit Judges, and Brian E. Sandoval,* District Judge.

Opinion by Judge Schroeder

## COUNSEL

Michael B. Hazzard, Washington, DC, for petitioner
Fones4All Corporation.

*The Honorable Brian E. Sandoval, United States District Judge for the
District of Nevada, sitting by designation.

Scott H. Angstreich, Washington, DC, for the intervenors.

James M. Carr, Washington, DC, for respondents Federal Communications Commission, et al.

**OPINION**

SCHROEDER, Circuit Judge:

Fones4All has filed a petition for rehearing and petition for rehearing en banc, suggesting there is a conflict between the opinion in this case, published at 550 F.3d 811 (9th Cir. 2008), and *Great Falls Community TV Cable Co. v. FCC*, 416 F.2d 238 (9th Cir. 1969), and *Washington Utilities & Transportation Commission v. FCC*, 513 F.2d 1142 (9th Cir. 1975), *overruled on other grounds by Nevada v. Burford*, 918 F.2d 854 (9th Cir. 1990).

In both of those cases, this court did in fact require the parties to exhaust their administrative remedies, as we did here. There is no direct conflict. *Great Falls* and *Washington Utilities* do contain some language suggesting that this court has discretion to refuse to defer to the Federal Communications Commission ("FCC" or "Commission"), by not requiring exhaustion, even though section 405's exhaustion requirement is statutory. In *Great Falls* this court stated that "section 405 is not inflexible," 416 F.2d at 239, but then declined to reach the merits of the petitioner's claim because the Commission had no opportunity to consider the question the petitioner brought before the court, *id.* at 242-43. In *Washington Utilities* this court reiterated that "section 405 is not inflexible," 513 F.2d at 1167, but concluded that "the balance should be struck against possible review," *id.* at 1168. Accordingly, although these two cases say that there could be a futility exception to section 405's exhaustion requirement, neither case found one.

To the extent those early cases reflect a flexible attitude toward exhaustion, however, they represent a prior era of administrative law. Both predate *Chevron USA v. Natural Resources Defense Council*, 467 U.S. 837 (1984), where the Supreme Court emphasized that courts should generally defer to administrative agencies' expertise. The Supreme Court later urged federal courts not to apply judicial doctrines, such as futility, to statutory exhaustion requirements, where Congress has "provided otherwise." *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Here, Congress has provided otherwise by expressly stating that the FCC be given an "opportunity to pass" on issues. 47 U.S.C. § 405. The D.C. Circuit has more recently described this exhaustion requirement as one that is "strictly construed" by that circuit. *In re Core Commc'ns*, 455 F.3d 267, 276 (D.C. Cir. 2006). Any validity that the disputed language in *Great Falls* and *Washington Utilities* may once have had has been superseded by intervening Supreme Court authority and is no longer binding. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2005) (en banc).

For these reasons, there is no basis for granting the petition for rehearing. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. The petition for rehearing and rehearing en banc are denied.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.