**Jozsef A. GUTI, Plaintiff–Appellant,**

**v.**

**U.S. IMMIGRATION AND NATURALIZATION SERVICE; John K. Van De Kamp, Defendants–Appellees.**

**No. 89–16055.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 1990 *.
Decided July 12, 1990.

Jozsef A. Guti, Dublin, Cal., pro se.

No appearance for the defendants-appellees.

Before GOODWIN, Chief Judge, SCHROEDER and CANBY, Circuit Judges.

PER CURIAM:

The appellant, Jozsef Guti, is currently serving a prison term at the Federal Correctional Institute in Pleasanton, California, for federal parole violations. He is not scheduled for release until later this year. In February of 1989, the Immigration and Naturalization Service filed a detainer action letter with prison officials. The detainer letter indicates that Guti will be subject to deportation proceedings upon his release from federal incarceration.

Guti filed this action in district court, asserting two major contentions. First, he claimed that he was entitled under the Bail Reform Act of 1984 to a bail hearing as a result of the pendency of deportation proceedings. 18 U.S.C. §§ 3142–43 (1988). Second, he asserted that he was entitled under 8 U.S.C. § 1252(a), (i) (1988), to an immediate deportation hearing.[1]

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. 8 U.S.C. § 1252(a)(1) provides, in pertinent part, that:

Pending a determination of deportability ... of any alien ... such alien may, upon warrant of the Attorney General, be arrested and taken into custody.... Any court of competent jurisdiction shall have authority to review or

The district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d) prior to service of process upon the defendants. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989).

The district court correctly held that Guti's first contention was frivolous. The Bail Reform Act requires prompt bail determinations for persons awaiting trial, sentencing or a decision on appeal with regard to federal criminal offenses. *See* 18 U.S.C. §§ 3142–43. A deportation hearing is civil in nature. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984); *United States v. Alderete–Deras*, 743 F.2d 645, 647 (9th Cir. 1984). Guti is not a person awaiting trial, sentencing, or the outcome of an appeal on any federal criminal charges. Therefore, the dismissal of his bail claim as frivolous was appropriate.

Guti's second contention has more substance. He asserts that the INS should provide him with an immediate deportation hearing, and on its face, section 1252 appears to support his claim. The district court dismissed Guti's section 1252 claim on two grounds. First, the court concluded that section 1252(i) itself does not afford a private cause of action, relying upon the Eighth Circuit's decision in *Gonzalez v. INS*, 867 F.2d 1108, 1110 (8th Cir.1989). Second, the court found that habeas corpus relief was not available against the INS because Guti was not in INS custody. For this proposition, the district court relied on another Eighth Circuit decision, *Campillo v. Sullivan*, 853 F.2d 593, 595–96 (8th Cir. 1988), *cert. denied*, — U.S. —, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).

While the Eighth Circuit in *Campillo*, held that the filing of a detainer does not place a person "in the custody" of the INS for habeas purposes, contrary authority exists. 853 F.2d at 595–96. The Seventh Circuit, in *Vargas v. Swan*, 854 F.2d 1028, 1032–33 (7th Cir.1988), stated that if a detainer essentially instructs prison officials to hold a prisoner for deportation proceedings, the detainer can establish custody for habeas purposes. The *Vargas* court remanded the case for a determination of the detainer's effect.

Neither the Supreme Court nor the Ninth Circuit has addressed the custodial effect of INS detainer letters. Under such circumstances, we hold that the district court erred when it found Guti's section 1252 claim frivolous. In order to satisfy that standard, the claim must lack any arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Jackson*, 885 F.2d at 640. The standard is not met when there is no controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim as a matter of law. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir.1987). Indeed, in this case there is some authority to support the plaintiff's position.

The matter is remanded with instructions to the district court to reinstate plaintiff's section 1252 claim and to authorize service of process on the defendants for the institution of further proceedings.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability.

8 U.S.C. § 1252(i) provides:
In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.