**Blanca N. PAYO, Petitioner,**

v.

**Lloyd HAYES, et al., Respondents.**

**No. C–90–2616 JPV.**

United States District Court,
N.D. California.

Jan. 7, 1991.

Blanca N. Payo, pro se.

OPINION AND ORDER DISMISSING PE-
TITION FOR WRIT OF HABEAS
CORPUS WITH LEAVE TO AMEND

VUKASIN, District Judge.

## INTRODUCTION

The Immigration and Naturalization Service ("INS") has allegedly filed a detainer against petitioner, a federal prisoner subject to deportation as a felon. Petitioner seeks to compel the INS either to remove the detainer or conduct a deportation hearing.

## DISCUSSION

### I. *Writ of Habeas Corpus*

A writ of habeas corpus shall not extend to a prisoner unless he is in custody. 28 U.S.C. § 2241(c). INS regulations suggest that custody does not begin until the prison sentence on the underlying felony has been served.

> No detainer ... shall incur any fiscal obligation on the part of the Service, *until actual assumption of custody* by the Service.

8 C.F.R. § 242.2(a)(5) emphasis added.

The clear inference to be drawn from this language is that, while the INS may issue a *detainer* during the term of the underlying sentence, such a detainer does not ripen into actual INS *custody* until the conclusion of the underlying sentence.

This reading is bolstered by the holdings in *Campillo v. Sullivan,* 853 F.2d 593 (8th Cir.1988) and *Prieto v. Gluch,* 913 F.2d 1159 (6th Cir.1990). The latter court considered the doctrine of "future custody" as it affected INS detainer notices, concluding that a "detainer notice does not claim the right to take a petitioner into custody in the future nor does it ask the warden to hold a petitioner for that purpose." *Prieto,* 913 F.2d at 1164. Thus, where petitioner has not established either present custody or future custody, it follows that the habeas corpus action against the INS cannot meet the threshold test.

Moreover, this court is not convinced that a favorable disposition of this issue will be of benefit to the petitioner. A deportation hearing will be held in any event. The only question is whether it will occur near the start of petitioner's confinement, or near the end. 8 U.S.C. § 1252a(d)

requires expedited proceedings. But the provision's only specific time reference states that, to the extent possible, the proceedings should be completed before the alien's release from incarceration. While petitioner understandably wants to know now whether immediate deportation on release is mandated, an element of delay might benefit both the petitioner and the INS. A model prison record, family and community support, the petitioner's health, and a waiting job all could mitigate against deportation. Yet these factors are best considered near the end of petitioner's sentence, not at the beginning.

■ However, the Ninth Circuit's decision in *Guti v. U.S.*, 908 F.2d 495 (9th Cir.1990) may compel a different result. While the court in *Guti* did not reach a conclusion as to the custodial effect of INS detainer notices, it did note that the circuits were split on the issue. Thus, the court concluded that a habeas corpus petition may not be dismissed as frivolous when there is no controlling authority foreclosing facts which establish an arguable claim. While this court is impressed with the analysis of this issue in *Prieto*, the 6th Circuit is not controlling authority here, and therefore the petition may not be dismissed as frivolous if the facts here warrant a different conclusion. However, the decision in this case rests initially on considerations of vagueness in the complaint (Fed.R.Civ.Pro. 8(a)), and not on questions of frivolity (28 U.S.C. § 1915(d)).

II. *Factual Insufficiency*

■ Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, plaintiff must "set out specific actions [defendants] took which violated [his] rights." *Hutchinson v. U.S.*, 677 F.2d 1322, 1328 n. 5 (9th Cir.1982).

A review of the petition indicates that petitioner has failed to meet these requirements. More specifically, petitioner must particularize in the complaint the contents of the INS document (the alleged "detainer") in petitioner's prison file. This court

infers, based on a reading of *Vargas v. Swan*, 854 F.2d 1028 (7th Cir.1988), that the INS may have issued a form I–247 which the petitioner has construed as a detainer. However, because the form requires the INS to fill in blank spaces to indicate the precise nature of the action it represents, several variations are possible. It is possible, for instance, that the box labeled, "Accept this notice as a detainer" has not been checked. It is also possible that the box indicating the service of an Order to Show Cause has been checked. The latter would indicate that deportation proceedings have actually commenced, and therefore the INS would be in compliance with 8 U.S.C. § 1252(i). This court cannot order respondent to show cause without a more tangible indication that there is even an arguable basis for alleging the threshold "custody" requirement, and the alleged failure to commence proceedings. Therefore, the petition in this case should be dismissed.

### ORDER

In light of the foregoing, the Petition for a Writ of Habeas Corpus is HEREBY DISMISSED. Petitioner is granted leave to amend the complaint as outlined above, and file it at any time prior to the conclusion of petitioner's deportation procedure.

IT IS SO ORDERED.