952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jackie Ray BEASLEY, Plaintiff-Appellant,
v.
William DUNCIL, Warden of the Huttonsville Correctional
Center; Manfred G. Holland, Deputy Commissioner of the
Department of Corrections; Ronald Gregory, Commissioner of
the Department of Corrections; Joseph Skaff, Secretary,
West Virginia Department of Public Safety; Karen Shoemaker,
Department of Corrections; Bill Forbes, Kanawha County
Prosecutor, Defendants-Appellees.
 No. 91-7610.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Dec. 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. (CA-91-543), Charles H. Haden, II, Chief District Judge.
 Jackie Ray Beasley, appellant pro se.
 S.D.W.Va.
 REVERSED AND REMANDED.
 Before K.K. HALL, PHILLIPS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jackie Ray Beasley appeals from the district court's sua sponte dismissal of his civil rights action as frivolous under 28 U.S.C. § 1915(d).* Beasley filed his claim for injunctive relief pursuant to 42 U.S.C. § 1983 after he was removed without a hearing from a West Virginia work release program and returned to a correctional institution. Prison officials cited public opposition to the work release of certain prisoners as the reason for Beasley's removal. To permit the district court to determine whether Beasley was denied a liberty interest, we reverse and remand for further proceedings.
 
 
 2
 A complaint may be dismissed as frivolous under § 1915(d) where it lacks an arguable basis in law and fact. Neitzke v. Williams, 490 U.S. 319 (1989); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Although the Constitution creates no inherent liberty or property interest in the right to participate in work release programs, see Mahfouz v. Lockhart, 826 F.2d 874, 876 (6th Cir.1986); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir.1986), removal of an inmate from a community-based work release program may require certain procedural safeguards where the underlying state regulations create a protected liberty interest. E.g., Whitehorn v. Harrelson, 758 F.2d 1416 (11th Cir.1985) (genuine issue of material fact regarding liberty interest in work release precluded summary judgment for defendants).
 
 
 3
 Beasley's claim regarding West Virginia's work release laws presents a question of first impression. Resolution of this issue turns in part on whether West Virginia grants a liberty right in work release, and if so, whether due process was afforded. Until this analysis is conducted, it cannot be said that Beasley's complaint has no arguable basis in law or fact. The § 1915(d) standard "is not met where there is no controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim...." Guti v. INS, 908 F.2d 495, 496 (9th Cir.1990).
 
 
 4
 We therefore reverse the district court's decision and remand this case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The district court adopted the magistrate's report and recommendation