983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.G. BRIGAERTS, Plaintiff-Appellant,
v.
James GOMEZ, Director, Defendant-Appellee.
 No. 92-15132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 R.G. Brigaerts, a California state prisoner, appeals pro se the district court's dismissal under 28 U.S.C. § 1915(d) of his 42 U.S.C. § 1983 civil rights action against the defendant, a California prison official. Brigaerts contends that being housed with mentally ill inmates violated his rights under the eighth and fourteenth amendments. We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because we find that the complaint is not frivolous, we vacate the district court's judgment, and remand for issuance and service of process.
 
 
 3
 A district court is authorized to dismiss a claim brought in forma pauperis if the complaint is frivolous or malicious. 28 U.S.C. § 1915(d). The district court's sua sponte dismissal of a complaint as frivolous is proper if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). If "there is no controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim as a matter of law," then the dismissal is improper. Guti v. U.S. Immigration and Naturalization Service, 908 F.2d 495, 496 (9th Cir.1990). A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 The eighth amendment prohibits prison conditions which involve the wanton and unnecessary infliction of pain. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A plaintiff must show that prison officials acted with deliberate indifference in creating the conditions or allowing them to exist. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991).
 
 
 5
 Brigaerts contends that the district court should not have dismissed his complaint because being housed with mentally ill inmates violated his eighth amendment rights.[1] This claim is not frivolous.
 
 
 6
 The district court based its dismissal of Brigaerts's complaint on Wilson v. Seiter, 111 S.Ct. 2321 (1991), a case involving allegedly unconstitutional prison conditions.[2] However, the magistrate's report, which the district court adopted, misconstrues the holding in Wilson. That case does not hold, as the magistrate claims, that "an allegation based on the housing of mentally ill inmates in the general population does not state a claim for relief under the eighth amendment."[3] Although the Sixth Circuit granted summary judgment against inmates who claimed that being housed with mentally ill inmates violated their eighth amendment rights, Wilson v. Seiter, 893 F.2d 861, 865 (6th Cir.1990), the Supreme Court did not review that portion of the decision. The Supreme Court stated: "we express no opinion on the relative gravity of the various claims that the Sixth Circuit found to pass and fail the threshold test." Wilson, 111 S.Ct. at 2327. Because one of these claims was that housing mentally ill inmates in the general population violates the eighth amendment, it cannot fairly be said that the Supreme Court has passed judgment on this issue. Further, there is no Supreme Court or Ninth Circuit authority holding that housing mentally ill inmates with the general prison population does not violate the eighth amendment as a matter of law. Accordingly, the district court abused its discretion in dismissing Brigaerts's complaint sua sponte. Guti, 908 F.2d at 496.
 
 
 7
 Brigaerts also contends that the district court should not have dismissed his complaint without considering his claim that he was denied meaningful access to the courts. This contention has merit.
 
 
 8
 When a plaintiff claims that he has been denied meaningful access to the courts and does not claim inadequate law libraries or other sources of legal information, the plaintiff must allege that he has suffered an actual injury, a specific instance when he was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 9
 Here, Brigaerts claims that the psychological and physical stress of being housed with mentally ill inmates impaired his ability to work on his cases. Brigaerts alleges that he was precluded from bringing several civil suits because of his housing situation.[4] Brigaerts has thus alleged an actual injury to his right of access to the courts. See Gluth v. Kangas, 951 F.2d 1504, 1509 (9th Cir.1991) (actual injury test is satisfied if prisoners' cases were not filed due to high postage, copying and supply costs.) Based on the limited record before this court, it is not clear that Brigaerts's claim is inarguable. Accordingly, the district court erred in dismissing this claim. See Sands, 886 F.2d at 1171; Jackson, 885 F.2d at 640.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brigaerts's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brigaerts alleges that he was housed in a two-man cell with mentally ill inmates. Frequently, these inmates were not properly medicated, resulting in symptoms such as "emotional and physical aggressiveness, irritability, depression, moodiness, manic-ness, etc." Plaintiff's Complaint. Brigaerts also states that most of these inmates had histories of violent behavior
 
 
 [2]
 The district court dismissed Brigaerts's amended complaint, but did not specifically dismiss the entire action. Ordinarily, an order dismissing a complaint is not a final, appealable order under 28 U.S.C. § 1291. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 (9th Cir.1984). However, if the district court intended to dispose of the action, the order is appealable. See Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990), cert. denied, 111 S.Ct. 2052 (1991). Here, the district court's order did not give Brigaerts leave to further amend his complaint; this evidences the district court's intent to issue a final order. See Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987)
 
 
 [3]
 The magistrate recommended dismissing Brigaerts' complaint for failure to state a claim for relief under the eighth amendment. This is an erroneous statement of the plaintiff's burden. The magistrate applied the standard for dismissal under Fed.R.Civ.P. 12(b)(6) (failure to state a claim for which relief can be granted) rather than under 28 U.S.C. § 1915(d) (failure to state a legally or factually arguable claim). See Neitzke, 490 U.S. at 328 ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not.")
 
 
 [4]
 Specifically, Brigaerts claims that he lost the opportunity to bring a medical malpractice case, a legal malpractice case, and a medical malfeasance case. Plaintiff's Complaint