5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Francisco Herra LOPEZ, Plaintiff-Appellant,
v.
B. HAYWARD, et al., Defendants-Appellees.
 No. 93-15718.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-92-05019-GEB; Garland E. Burrell, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Herra Lopez, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action. The district court dismissed Lopez's amended complaint as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A district court is authorized to dismiss an action brought in forma pauperis if the complaint is frivolous or malicious. 28 U.S.C. Sec. 1915(d). The district court's sua sponte dismissal of a complaint as frivolous is proper if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Dismissal is proper if controlling authority requires a holding that the facts as alleged fail to establish an arguable claim as a matter of law. Guti v. U.S. Immigration and Naturalization Service, 908 F.2d 495, 496 (9th Cir.1990).
 
 
 4
 In his complaint, Lopez alleged that the defendant prison officials violated his due process rights by refusing him access to a confidential file. The district court dismissed the complaint as frivolous, holding that Lopez had no federally protected right of access to confidential information in his file, and that California law created no liberty interest in such access. Lopez amended the complaint to allege that the information in his confidential file should not have been classified as confidential. He also continued to argue that he had a liberty interest in viewing his file. The district court again dismissed the complaint.[2]
 
 
 5
 A protected liberty interest may arise from two sources: the Due Process Clause and state law. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). To create a protected liberty interest, state law must contain explicitly mandatory language, "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." See id. at 463.
 
 
 6
 Lopez claims that section 3231 of title 15 of the California Code of Regulations creates such a liberty interest. That regulation lists the kinds of information that may be classified as confidential. It also indicates that officials must tell the inmate that the information is confidential, must disclose as much of the information as can be disclosed without revealing its source, including an evaluation of the source's reliability, and must indicate why the information has been classified as confidential. Cal.Code Regs. tit. 15, Sec. 3231(b)(3) (1992). Although this regulation may arguably create a liberty interest because of the use of the mandatory "shall," see id., prison officials have provided all the disclosure required by the regulation. Lopez was told that the information was confidential, that its source was another government agency, and that it was confidential because (a) it included addresses that he was not allowed to have, and (b) releasing the information to Lopez could endanger persons named therein. This was all to which he was entitled under the regulation.
 
 
 7
 Accordingly, we find that even if the facts alleged by Hernandez are true, he has failed to raise an arguable legal claim. See Neitzke, 490 U.S. at 325. The district court properly dismissed the claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See id.; McKeever, 932 F.2d at 798.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lopez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lopez filed his notice of appeal on March 26, 1993, following the district court's order of March 2, 1993 adopting the magistrate's report and recommendations. However, judgment was not entered until April 7, 1993. We find that Lopez's premature notice of appeal was cured by the subsequent entry of judgment. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274-76 (1991) (entry of judgment cures premature appeal if taken from order reasonably believed to be final); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir.1993) (notice of appeal from a nonfinal decision acts as a notice of appeal from the final judgment when the nonfinal decision would be appealable if immediately followed by entry of judgment)
 
 
 [2]
 The district court dismissed Lopez's amended complaint, but did not specifically dismiss the entire action. Ordinarily, an order dismissing a complaint is not a final, appealable order under 28 U.S.C. Sec. 1291. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 (9th Cir.1984). However, if the district court intended to dispose of the action, the order is appealable. See McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992); Nevada v. Burford, 918 F.2d 854, 855 (9th Cir.1990), cert. denied, 111 S.Ct. 2052 (1991). Here, the district court's order did not give Lopez leave to further amend his complaint; this evidences the district court's intent to issue a final order. See Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987). Accordingly, we have jurisdiction over this appeal