48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Merwin Michael HILL, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendant-Appellee.
 No. 94-15455.
 
 Ninth Circuit.
 Submitted Feb. 15, 1995*.
Decided Feb. 22, 1995.
 Appeal from the United States District Court for the District of Arizona; No. CV-93-00084-CAM, Carl A. Muecke, District Judge, Presiding.
 D.Airz. [APPEALING AFTER REMAND FROM 17 F.3d 394.]
 VACATED AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merwin Michael Hill, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action prior to issuance and service of process pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 We review a section 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Further, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies in the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980) (per curiam)). "A complaint filed in forma pauperis is not automatically frivolous within the meaning of section 1915(d) because it fails to state a claim." Neitzke, 490 U.S. at 331.
 
 
 4
 This action action comes before us following remand in Hill v. Arizona, No. 93-15602. We remanded for a determination of whether Arizona state law creates a liberty interest in a security classification or prison unit assignment. Following remand, the district court, relying on Casey v. Lewis, 837 F.Supp. 1009 (D.Ariz.1993), dismissed the action sua sponte with prejudice.
 
 
 5
 Although Casey held that Arizona's statutory scheme does not create a liberty interest in changes to the inmate's classification score, Casey did not determine whether a liberty interest was implicated where an inmate's classification score affected his eligibility for parole or good-time credits.[1] See id. at 1020. Furthermore, we expressly declined to decide this issue in Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). cf. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1985) (Prior Arizona law created a liberty interest in the receipt of good-time credits). This issue is further complicated by the Supreme Court's recent opinion in Heck v. Humphrey, 114 S.Ct. 2364 (1994), which forecloses section 1983 damages claims challenging the fact or duration of confinement until the sentence or conviction has been invalidated.[2]
 
 
 6
 Because neither the Supreme Court nor the Ninth Circuit has addressed the issue presented here, it was inappropriate for the district court to dismiss Hill's claim as frivolous. See Guti v. INS, 908 F.2d 495, 496 (9th Cir.1990). Hill's claims have an arguable basis in law which precludes dismissal under section 1915(d). Accordingly, the district court erred in dismissing Hill's claim as frivolous. See Neitze, 490 U.S. at 324.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Hill's previous appeal, we affirmed the district court's dismissal of Hill's claim alleging that he was deprived of good-time credits because, at the time of the appeal, he did not have a present entitlement to those credits. This, however, does not preclude the district court from deciding whether Hill was deprived of using good-time credits he has now earned
 
 
 [2]
 But see Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992) (restoration of good-time credits, based on Arizona's statutory scheme, would have only a speculative or incidental effect on the duration of a prisoner's confinement)